UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VICTOR VIVANCO REYES,

                    Petitioner,

    v.

TODD BLANCHE, et al.,

                    Respondents.

Case No. 2:26-cv-02490-TLF

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER; AND SETTING EXPEDITED BRIEFING SCHEDULE

Petitioner proceeds through counsel. Petitioner, through counsel, has filed an emergency motion for temporary restraining order ("TRO") in this 28 U.S.C. § 2241 immigration habeas corpus action. Dkt. 4. In his petition and TRO motion, petitioner seeks release based on petitioner's serious health conditions, including cardiomyopathy, an enlarged heart, a heart murmur, and mural thrombus of the left ventricle. Dkts. 1, 4. The emergency motion for TRO and the habeas corpus petition are supported by a declaration and letter from petitioner's treating physicians from the University of Washington, based on their observations, health records, and based on petitioner's recent emergency room hospitalizations.

Petitioner's TRO motion urges that this Court "should issue an ex parte order providing for interim relief without the need to hear from federal Respondents." Dkt. 4 at 2. While the Court does not take petitioner's assertions on his serious medical conditions lightly, "[m]otions for temporary restraining orders without notice to and an

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER; AND SETTING EXPEDITED BRIEFING SCHEDULE - 1

opportunity to be heard by the adverse party are disfavored and will rarely be granted" under Western District of Washington Local Civil Rule 65(b)(1) and Federal Rule of Civil Procedure 65; *see also* General Order 08-26 (discussing the Court's objective to "reduce the contemporaneous filing of motions for temporary restraining orders seeking release from custody or the relief that is otherwise requested by the habeas petition.").

The government has filed a notice of intent to respond. Dkt. 6. The government's response to the emergency TRO motion must be filed by no later than 12:00 noon on Friday, July 17, 2026.

Accordingly, the Court ORDERS: to preserve the status quo, the Court will bar respondents from transferring petitioner from this District or NWIPC (unless such transfer is necessary for medical treatment or evaluation) to ensure the Court can promptly address the merits of this matter.

And, given the circumstances, the Court will consider this matter on an expedited basis. The Court finds that an amended briefing schedule is warranted under 28 U.S.C. §§ 2241, 2243 (noting a habeas petition "shall be returned within three days unless for good cause additional time, not exceeding twenty days . . ."); *see also Reyes v. Hermosilla*, No. C25-2525-JNW-MLP, 2025 WL 3554642, at *1 (W.D. Wash. Dec. 11, 2025) (citing *Clutchette v. Rushen*, 770 F.2d 1469, 1474-75 (9th Cir. 1985)) ("Courts have discretion in setting the briefing schedule for a § 2241 habeas petition and consider the individual circumstances of each case when determining appropriate deadlines."). Here, this expedited schedule is due to the serious nature of petitioner's allegations of life-threatening health conditions. Dkt. 1. See *Chavez-Garcia v. Acuff*, No.

ORDER ON MOTION FOR TEMPORARY
RESTRAINING ORDER; AND SETTING EXPEDITED
BRIEFING SCHEDULE - 2

20-cv-357-NJR, 2020 WL 1987311 (S.D. Ill. April 27, 2020) (expedited hearing based on health condition, Court granted emergency TRO and partial habeas corpus relief).

1. For the reasons above, the Court **provisionally GRANTS** the TRO motion (Dkt. 4) **IN PART** for the purpose of preserving the status quo, and **ORDERS**: Respondents **ARE PROHIBITED** from removing petitioner from the United States or transferring him from the Northwest ICE Processing Center to any other detention facility during the pendency of these proceedings, without further order of this Court, unless such transfer is necessary for medical evaluation or treatment.

The Court also ORDERS expedited consideration of the motion for emergency TRO and the habeas corpus petition:

2. The government is directed to file any response to the emergency motion for TRO **on or before 12:00 noon on Friday, July 17, 2026**.

3. Petitioner may file an optional reply to the government's response **on or before 3:00 pm on Friday, July 17, 2026**, or if petitioner decides not to file a reply, petitioner must notify the Court by filing a notice on the docket as soon as possible, after the respondents file their response but before 3:00 pm, and the Court will decide the TRO motion based on the motion and response**.**

4. As for the habeas corpus petition briefing schedule, the Court amends the previously entered Scheduling Order (Dkt. 3):

ORDER ON MOTION FOR TEMPORARY
RESTRAINING ORDER; AND SETTING EXPEDITED
BRIEFING SCHEDULE - 3

**a.** Respondents shall file a return to the habeas petition (Dkt. 1) **on or before July 23, 2026.**

**b.** Any traverse by petitioner shall be filed **no later than July 28, 2026**.

**c.** All other provisions of the prior Scheduling Order (Dkt. 3) shall remain in effect.

Dated this 16th day of July, 2026.

_Theresa L. Fricke_
_____
Theresa L. Fricke
United States Magistrate Judge

ORDER ON MOTION FOR TEMPORARY
RESTRAINING ORDER; AND SETTING EXPEDITED
BRIEFING SCHEDULE - 4