UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VICTOR VIVANCO REYES,

                    Petitioner,

        v.

TODD BLANCHE, et al.,

                    Respondents.

Case No. 2:26-cv-02490-TLF

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner Victor Vivanco Reyes has filed a Petition for writ of habeas corpus in which he seeks release from confinement. Dkt. 1. He also moves this Court for an Emergency Temporary Restraining Order ("TRO"), filed on July 16, 2026, Dkt. 4.

The government has withdrawn its notice of intent to respond. Dkt. 8.

The Court finds petitioner has standing to bring this habeas corpus petition seeking habeas corpus relief due to extraordinary medical crises. He alleges a concrete injury – that his heart condition has worsened to the point where he has been transferred to the hospital multiple times for emergency care, and the respondents are unable to properly care for him at the Northwest ICE Processing Center ("NWIPC").

Petitioner must bear the burden of establishing each element of standing, and at the pleading stage must clearly allege facts to establish each element: concrete injury, fairly traceable to the opposing party, and the injury is likely to be redressed if the Court grants the relief sought. *Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016). The Court finds petitioner has established each of the three elements: first, he has shown a strong

ORDER ON MOTION FOR TEMPORARY
RESTRAINING ORDER - 1

likelihood of success on the merits of this habeas corpus petition due to symptoms of his serious and life-threatening heart condition. The injury is fairly traceable to respondents, who have him in their custody at NWIPC. Petitioner sufficiently alleges that his injury is likely to be redressed by release from NWIPC.

Petitioner has also established that this Court has jurisdiction to consider his claims under 28 U.S.C. § 2241. The United States Supreme Court has left open the question of whether a conditions of confinement claim is within the core of habeas corpus. *See, Ziglar v. Abbasi,* 582 U.S. 120, 144-145 (2017) ("[W]e have left open the question whether [plaintiffs] might be able to challenge their confinement conditions via a petition for a writ of habeas corpus."). The United States Supreme Court has recognized that "the basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom, it is fundamental that access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed." *Johnson v. Avery,* 393 U.S. 483, 485 (1969). Under *Wilworking v. Swenson,* 404 U.S. 249, 251 (1970), *superseded on other grounds, see, Woodford v. Ngo,* 548 U.S. 81, 85 (2006), the petitioner must show the conditions of confinement are so dire that he is entitled to release, to fit within the jurisdiction of the federal writ of habeas corpus. *See, Aamer v. Obama,* 742 F.3d 1023, 1032 (DC Cir. 2014); *Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 242-244 (3rd Cir. 2005). The writ of habeas corpus has a jurisdictional core, the petitioner must show "that his detention was unlawful because no set of conditions exist that would cure the constitutional violations at [the detention facility]". *Pinson v. Carvajal,* 69 F.4th 1059, 1075 (9th Cir. 2023). In the context of a severe health crisis, habeas corpus may be granted under the Fifth Amendment for extreme health

ORDER ON MOTION FOR TEMPORARY
RESTRAINING ORDER - 2

emergencies in immigration detention facilities. *Thakker v. Doll,* 451 F. Supp. 3d 358 (M.D. Penn. 2020).

The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *Facebook, Inc. v. BrandTotal Ltd.*, 499 F. Supp. 3d 720, 732 (N.D. Cal. 2020). For this extraordinary remedy, the moving party must demonstrate (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

Petitioner satisfies the first requirement, likelihood of success on the merits. Petitioner argues respondents' lack of adequate care in the face of his deteriorating and life-threatening medical conditions is punitive in nature in violation of the Fifth Amendment. Dkt. 4. For example, petitioner asserts respondents' inadequate care, such as giving him medication without checking his blood pressure, has led to an emergency room visit due to his resulting blood pressure being dangerously low. Dkt. 4 at 4-5 (citing Dkts. 1-2, 1-3). Further, he states outside providers advised he needs either a defibrillator or a heart transplant, but these providers are concerned the aftercare would not be managed properly at NWPC. Dkt. 4 at 5 (citing Dkt. 1-3). This Court granted habeas relief on a similar claim of deteriorating health in the face of inadequate care in immigration detention. *Sorio v. Hermosillo*, No. 2:25-cv-02492-TL, 2026 WL 413530 (W.D. Wash. Feb. 13, 2026). Thus, the Court finds petitioner here has established a likelihood of success on the merits.

ORDER ON MOTION FOR TEMPORARY
RESTRAINING ORDER - 3

Petitioner also satisfies the second requirement, likelihood of irreparable harm. As further example to those described above, petitioner submitted declaration testimony from a doctor at the University of Washington Medical Center, dated July 14, 2026, stating that "[g]iven your severely reduced heart function, you are at risk of death or rehospitalization in the *next weeks to months*." Dkt. 4-2 (emphasis added). Further, a "heart transplantation is ideal" but "outpatient dobutamine or milrinone therapy as a path to transplantation" is required first and "[i]n the absence of monitoring and ability to change and access your medication, admissions and overall worsening of your condition are likely." Dkt. 4-2; *see also* Dkt. 1-3 (doctor's declaration stating petitioner has not received sufficient care while in detention). Given the allegations of respondents' failure to provide proper medical care described above, alongside the imminent and deteriorating nature of petitioner's conditions, the Court finds he has established a likelihood of irreparable harm.

The Court finds petitioner has established the third and fourth requirements as well. The balance of equities tips in petitioner's favor as his risk of potential injury, or even death, is high. *See Asmed B. v. Decker*, 460 F. Supp. 3d 519, 533-34 (D. N.J. 2020). As for the public interest, "it is 'always in the public interest to prevent the violation of a party's constitutional rights.'" *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).

Finally, as petitioner "seeks temporary release pending adjudication of the merits of his habeas petition, he is required to demonstrate that this is an extraordinary case involving special circumstances or a high probability of success." *Singh v. Barr*, No. 20-cv-02346-VKD, 2020 WL 2512410, at *8 (N.D. Cal. May 15, 2020). Again, given the

ORDER ON MOTION FOR TEMPORARY
RESTRAINING ORDER - 4

likelihood of success on the merits, coupled with petitioner's imminent and deteriorating medical condition, the Court finds petitioner has made such a showing for the purposes of obtaining a TRO.

The Court notes that the Court's grant of preliminary relief to petitioner does not moot his underlying request for a writ of habeas corpus. "Under Supreme Court and Ninth Circuit precedent, temporary relief, up to and including a petitioner's release, does not render a case moot." *Ortiz Martinez v. Wamsley*, No. 2:25-CV-01822-TMC, 2025 WL 2899116, at *3–4 (W.D. Wash. Oct. 10, 2025). "In *Nielsen v. Preap*, a plurality of the Court explained that the release of noncitizen plaintiffs from detention on bond under a preliminary injunction order did not moot their underlying claim that their mandatory detention was unlawful. 586 U.S. 392, 403 (2019). As the Court reasoned, '[u]nless that preliminary injunction was made permanent...these individuals faced the threat of re-arrest and mandatory detention.'" *Id.* (citing *Nielsen* 586 U.S. 392, 403) *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1195 n.2 (9th Cir. 2022) (finding government's compliance with a district court order that a noncitizen petitioner be released on bond did not moot its appeal); *Carafas*, 391 U.S. at 238 (explaining that "once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on [a habeas] application").

Here, petitioner's relief is by definition temporary as it extends only through the decision on the petition. "Once the TRO expires—and absent 'permanent' relief from unlawful detention in the form of a final judgment, *see Preap*, 586 U.S. at 403—petitioner[] could suffer 'collateral consequences' and face an ongoing threat of actual injury." *Ortiz Martinez*, 2025 WL 2899116, at *3–4.

ORDER ON MOTION FOR TEMPORARY
RESTRAINING ORDER - 5

Given the temporary duration of this order, pending decision on the petition, petitioner shall be subject to appropriate conditions of release.

Therefore, the Court orders **respondents must release petitioner from custody at the earliest possible time on Friday, July 17, 2026, and no later than 5:00 pm** (unless petitioner requests additional time to make arrangements for his medical needs) taking care to protect his health and life, under the circumstances of his serious medical condition while arrangements are made for his safe release and continuing medical care. The Government shall release petitioner from immigration custody on appropriate conditions of supervision. **On or before Monday, July 20, 2026,** the Government shall file with the Court a status report giving the Court information about the petitioner's release and conditions of release.

The temporary restraining order shall remain in effect until July 28, 2026, the petitioner's deadline for the reply or traverse. At that time, the temporary restraining order will be converted to a preliminary injunction that will remain in place until the Court decides the habeas corpus petition. If the respondents make a motion for relief from the TRO or preliminary injunction, the Court will set a separate briefing schedule for that motion.

1. As for the habeas corpus petition briefing schedule, the Court amends the previously entered Scheduling Order (Dkt. 3):

    a. Respondents shall file a return to the habeas petition, (Dkt. 1) **on or before July 23, 2026.**

ORDER ON MOTION FOR TEMPORARY
RESTRAINING ORDER - 6

**b.** Any traverse by petitioner shall be filed **no later than July 28, 2026**.

**c.** All other provisions of the prior Scheduling Order (Dkt. 3) shall remain in effect.

Dated this 17th day of July, 2026.

*Theresa L. Fricke*
_____
Theresa L. Fricke
United States Magistrate Judge

ORDER ON MOTION FOR TEMPORARY
RESTRAINING ORDER - 7